WHITE et ux. v. LOVE et al.    (No. 8094.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 20, 1915. Rehearing Denied March 13, 1915.)

1. PRINCIPAL AND AGENT ☜103—EXCEEDING AUTHORITY — LIABILITY OF PERSON DEALING WITH AGENT.

Plaintiff executed a power of attorney to B. to sell, convey, or trade 200 acres of land upon such terms for cash or credit or other property as to him might seem advisable. B., purporting to act thereunder, conveyed to defendants, in consideration for a conveyance of city property to B.'s wife. *Held* that, as a power of attorney to sell property does not authorize a sale on credit in the absence of a stipulation in the instrument giving that authority nor for the benefit of some one other than the party who gives the power of attorney, and as defendants therefore knew that B. was acting beyond the scope of his authority, their reliance in good faith on an attorney's advice that B. could give a good title, and their lack of any intention to defraud plaintiff, did not relieve them of liability to plaintiff for the value of the 200 acres on the theory that they participated in B.'s fraud.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. ☜103.]

2. PRINCIPAL AND AGENT ☜103—EXCEEDING AUTHORITY — LIABILITY OF PERSON DEALING WITH AGENT.

That B. and his wife had disposed of part of the city property transferred to the wife by defendants did not entitle defendants to have the amount so received charged against plaintiff.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. ☜103.]

3. STIPULATIONS ☜14—AGREED STATEMENT OF FACTS—CONSTRUCTION AND OPERATION.

Where, in an action to recover the value of land tried on an agreed statement of facts, though the agreed statement stated that prior to 1905 plaintiff executed a contract to attorneys in Kentucky conveying to them a one-half interest in whatever land should be recovered in litigation then pending, and that such attorneys employed B. to assist them, and contracted to give him two-thirds of their one-half interest, and that the land involved was recovered in that litigation, it was further agreed therein that plaintiff in February, 1907, was the owner in fee simple of the land in question, a judgment for plaintiff for two-thirds of the value of the land was not erroneous on the ground that the Kentucky attorneys were the owners of an undivided one-sixth interest, and that the recovery should have been only for one-half the value of the land.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. ☜14.]

4. LIMITATION OF ACTIONS ☜100 — COMMENCEMENT OF PERIOD OF LIMITATION—DISCOVERY OF FRAUD.

Where though, purporting to act under a power of attorney, the attorney in 1909 conveyed land to defendants in exchange for other land, title to which was taken in his wife's name, the attorney's principal did not discover the fraud practiced upon her until about one month prior to the institution of a suit against defendants for the value of the land in 1913, and it did not appear that by the exercise of ordinary diligence she could have discovered it any earlier, her cause of action was not barred by the statutes either of two or three years' limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. ☜100.]

5. PRINCIPAL AND AGENT ☜189 — WRONGFUL ACTS—ACTIONS—PETITION.

Plaintiff executed a power of attorney to B. to sell 200 acres of land, and, purporting to act thereunder, he conveyed the land to W., in consideration for city property conveyed to his wife, the conveyance of the city property retaining a vendor's lien to secure the payment of notes for a part of the purchase price. W. conveyed the land to an innocent purchaser. Plaintiff sued W., her husband, B. and his wife, alleging that a trust resulted in favor of plaintiff in the city·property, that she became the legal and equitable owner thereof to the extent of the value of the 200 acres, and that by reason of W.'s acts she became the owner of a right in, title to, and lien upon such property superior to W.'s rights under the vendor's lien, and praying for judgment against each of the defendants, establishing a trust in her favor in such property and a lien thereon for the value of the 200 acres, superior to the rights of all of the defendants, and that such city property be sold for the satisfaction of such judgment. *Held* that, taken as a whole, the petition could not be interpreted as showing that plaintiff had elected to claim title to the city property, thereby requiring her to take it burdened with the vendor's lien; as, properly construed, the allegation that title to the city property was held for plaintiff's benefit was merely to show the basis for the equitable lien asserted.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 713–717; Dec. Dig. ☜189.]

Appeal from District Court, Tarrant County; F. O. McKinsey, Judge.

Action by Maggie Myrtle Love and husband against George E. White and others. Judgment for plaintiffs, and defendants White appeal. Affirmed.

Carlock & Carlock, of Ft. Worth, for appellants. R. C. Fuller and Clendenen & Simmons, all of Ft. Worth, for appellees.

DUNKLIN, J. On the 11th day of February, 1907, Mrs. Maggie Myrtle Love, joined by her husband, W. M. Love, executed a power of attorney to J. G. Browning authorizing and empowering him to "sell, convey, or trade said property upon such terms for cash or credit or other property as to him may seem advisable, or as his judgment may dictate," 200 acres of land situated in Caldwell county, which was claimed as the separate property of Mrs. Love. On July 15, 1909, Browning, purporting to act under that power of attorney, conveyed the land by deed to Attie

H. White, wife of Geo. E. White, in consideration for a conveyance of even date by Geo. E. White and Attie H. White to Mrs. E. W. Browning, wife of said Browning, of certain lots and blocks of land in the Dixie Wagon Manufacturing Company's addition to the city of Ft. Worth. In the latter conveyance a vendor's lien was retained upon the property therein conveyed· to secure the payment of promissory notes to Geo. E. White and Attie H. White, aggregating the sum of $7,500, executed by the said J. G. Browning and wife, Mrs. E. W. Browning. Neither Mrs. Love nor her husband have ever received any consideration for said 200 acres of land. On May 11, 1910, Geo. E. and Attie H. White conveyed that land to G. M. Stewart for the sum of $2,500 cash, and G. M. Stewart was an innocent purchaser thereof.

This suit was instituted by Mrs. Love, joined by her husband, against Geo. E. White and wife, Mrs. E. W. Browning, and J. G. Browning, to recover the value of the Caldwell county land. J. G. Browning was alleged to be non compos mentis, and a guardian ad litem was appointed to represent him.

The sale of the land to Stewart as an innocent purchaser was alleged in the petition, together with other facts recited above. It was further alleged that the conveyance by Browning to Mrs. Attie H. White was for the purpose of defrauding Mrs. Love of her said land; that Browning had no legal authority or right so to do, and the lack of such authority was well known to White and wife, who thereby became participants in the fraud practiced upon Mrs. Love by Browning. It was further alleged that an equitable lien existed in favor of. Mrs. Love upon the lots and blocks of land deeded by the Whites to Mrs. Browning, and plaintiffs prayed for a foreclosure of that lien for the satisfaction of their claim for the value of the land.

The suit was tried by the court without the aid of a jury upon an agreed statement of facts, and from a judgment in favor of the plaintiffs establishing their debt for $1,666.66 with a foreclosure of lien upon the lots and blocks last mentioned, and an order to sell the same to satisfy said debt, as against all the defendants, but with no personal judgment against any of the defendants for the amount of said debt, Geo. E. and Attie H. White have appealed.

[1] Two of the paragraphs in the agreed statement of facts read as follows:

"It is further agreed that in the making of the said trade and exchange of lands with the said Browning that the defendants George C. White and wife relied upon an abstract of the title to the Caldwell county lands furnished to them for examination by said Browning, and also the power of attorney, marked Exhibit A, and that said White and wife had the said titles examined by a competent attorney in Ft. Worth, who approved of the said title and the said power of attorney before the passing of the deeds between the said Browning and the said Whites, and that in said transaction the said George E. White and wife acted in good

faith and without any intention to defraud any party connected with this lawsuit.

"It is further agreed that at the date of the said transactions between the· defendants, George E. White and wife and the said James Gilford Browning and wife, that the said Browning was a lawyer in Ft. Worth and a citizen of said town, and a man of reputation and standing, and had been county attorney of Tarrant county for a number of years, and at that time his mind was normal, and nothing the matter with it so far as the public or anybody knew, or so far as the defendant knew anything about it, and that he continued to transact business and was apparently all right in his mental faculties for about three years after the passing of the said deeds."

Appellants insist that, as Browning was given the power to trade the Caldwell county lands upon such terms as might seem to him advisable, and as it was admitted by the appellees that appellants acted in good faith and without any intention to defraud appellees, the court erred in rendering judgment for the appellees.

It is well settled that one holding a power of attorney to sell property for another is not authorized to sell the same on a credit in the absence of a stipulation in the instrument giving that authority, nor for the benefit of some one other than the party who gives such power of attorney. As the Whites had full knowledge of the fact that Browning was acting beyond the scope of his authority, the fact that they acted in good faith, in the sense that they did not intend to defraud appellees, amounted to no defense to plaintiffs' suit. It is quite natural and probable that they believed that the advice given to him by their attorney who examined the title before the trade was closed was dependable, but it is too well settled by the authorities that the advice so given was erroneous, and it is too plain for argument that one cannot escape the legal consequences of a transaction simply upon the ground that he in good faith was acting upon the advice of a competent attorney. Hunter v. Eastham, 95 Tex. 648, 69 S. W. 66.

[2] Another paragraph of the statement of facts reads as follows:

"It is further agreed that, after said deed was executed by George E. White and wife to the said Mrs. E. W. Browning to the lands in Dixie Wagon Manufacturing Company's addition to Ft. Worth, the said Browning and wife at different dates before the institution of this suit sold and conveyed various lands out of said addition, and received the proceeds thereof, amounting to as much as $2,000, and that these moneys have never been paid over to the defendants White and wife, or to the plaintiffs in the case."

By another assignment of error appellants contend that the money so received by Browning and wife for the sale of equities in the lots transferred to Mrs. Browning should be charged against the plaintiffs. If the disposition of the land made by Browning was unauthorized, we fail to understand how it could be said that the mere fact that Browning and wife realized funds out of the transaction would destroy, or in any manner

change, plaintiffs' cause of action, in the absence of any showing that they in any manner ratified the trade.

[3] Other paragraphs in the agreed statement of facts read as follows:

"It is further agreed that the value of the tract of land in Caldwell county above mentioned was, at the date of the deed from James Gilford Browning to Attie H. White, and at the date of the deed from the Whites to G. M. Stewart, the sum of $2,500.

"It is agreed by and between the plaintiffs and defendants in the above numbered and entitled cause that the plaintiffs, Maggie Myrtle Love and her husband, William Love, did execute prior to 1905 a contract to Blue & Nunn, attorneys of Marion, Ky., which said contract was in writing, and conveyed to them a one-half interest in whatever could be recovered out of the Miles estate in Caldwell county, Tex., for and on behalf of the said plaintiffs; that said contract was duly signed and acknowledged and executed by the plaintiffs, and delivered to the said attorneys, and the same has been lost, and the original thereof cannot be found and produced.

"It is further agreed that the said Blue & Nunn did employ James G. Browning, of Ft. Worth, Tex., to assist them in said litigation, and did contract with the said Browning in writing to give him two-thirds of their one-half interest in the money or lands that might be recovered for the plaintiffs in said litigation, being equivalent to a one-third interest in the entire amount that might be recovered; that suit was brought by the said Browning and attorneys acting with him on behalf of the plaintiffs, in Caldwell county, Tex., under and by virtue of said contract, and the land involved in this suit, among other things, was recovered for and on behalf of the plaintiff, and it is agreed without further proof that the said James G. Browning was entitled to a one-third interest in the proceeds of the said suit or the lands recovered thereby."

It will be noted that the judgment rendered in favor of the plaintiffs was for two-thirds of the agreed value of the Caldwell county land.

Upon the proposition that there was an outstanding title to an undivided one-sixth interest in the Caldwell county land in Blue & Nunn, appellants insist that the court erred in rendering a judgment in favor of appellees for two-thirds of the value of the land, instead of for one-half of that value. The first paragraph of the agreed statement of facts reads as follows:

"It is admitted that on the 11th day of February, 1907, Maggie Myrtle Love, the plaintiff, whose husband, William Love, is joined herein, was the owner in fee simple and as her separate estate of the tract of 198½ acres, a part of the Miles G. Dykes survey described in plaintiffs' petition; that on the above-mentioned date the said Maggie Myrtle Love and William Love executed and delivered to defendant James Gilford Browning the power of attorney introduced in evidence and marked Exhibit A."

It will be observed that the contract with Blue & Nunn was made prior to the year 1905. Whatever interest they acquired in the land must have been conveyed to appellees later, otherwise the admission in writing of appellants' attorneys that on February 11, 1907, Mrs. Love owned the land in fee simple could not be given effect.

[4] The following agreement is in the statement of facts:

"It is agreed that the plaintiff Maggie Myrtle Love and her husband first learned that the said James G. Browning had conveyed or attempted to convey the tract of land in Caldwell county above mentioned some time in the month of March, 1913, and, upon discovering that such deed had been made by Browning, caused this suit to be filed as soon thereafter as she was able to do so."

It was further agreed that appellants never at any time contracted with the appellees to account to them for any of the proceeds of the land, and that they have at all times since the date of the deed to Mrs. White claimed and asserted adverse title in themselves to the proceeds of such trade. This suit was instituted April 22, 1913. It was further agreed that immediately after appellants acquired the deed from Browning which was dated July 15, 1909, they took possession of the Caldwell county land and held peaceable and adverse possession thereof by tenant until they sold the land to G. M. Stewart, and that ever since the latter conveyance Stewart has held continuous, adverse, peaceable possession of the land. It was further agreed that prior to the institution of the present suit there was never any revocation of the power of attorney given by appellees to Browning referred to above.

In view of the agreement that appellees did not discover the fraud that had been practiced upon them until March, 1913, about one month prior to the institution of the suit, and with no facts to show that by the exercise of ordinary diligence they could have discovered it earlier, there is no merit in appellants' contention that appellees' cause of action was barred by the statutes either of two or three years' limitation.

[5] By other assignments appellants insist that appellees in their pleading have elected to claim title to the property deeded to Mrs. Browning by the Whites, and, having elected so to do, they cannot recover a money judgment in this case, but must take said property burdened with the vendor's lien fixed thereon in favor of the Whites by the Brownings; the amount due upon said vendor's lien notes at the date of the trial being the sum of $11,000, as shown by the agreed statement of facts. In their petition plaintiffs, after setting out the transaction between the Whites and the Brownings and the fraud practiced upon the plaintiffs, alleged:

"That, by reason of the premises, a trust resulted in favor of plaintiff Maggie Myrtle Love in the several lots and blocks of land above described and being the premises conveyed by Attie H. White and Geo. E. White to the said E. W. Browning, and that plaintiff became the legal and equitable owner of said last-mentioned real estate, at least to the extent of the value of plaintiff's said farm located in Caldwell county, Tex., and that, by reason of the acts and conduct of the said George E. White and Attie H. White above set forth, plaintiff became the owner of a right in, title to, and lien upon the last-described lots and blocks of land superior to the rights of said G. E. and A. H. White

therein, and superior to the right of said defendants to foreclose the pretended lien upon said real estate for notes executed by James Gilford Browning and E. W. Browning to said A. H. White and Geo. E. White as and for a part of the pretended purchase price of said real estate."

But, after a further allegation that the defendants and each of them became liable to the plaintiff Mrs. Love for the value of the Caldwell county land, the petition concludes with the following:

"Wherefore, plaintiff sues and prays that the defendants and each of them be cited to answer herein, and that she have judgment against each and all of said defendants, establishing a trust in her favor in the said lots and blocks of land, and a lien thereon for the value of said tract of land in Caldwell county superior to the rights of each and all of the defendants in said lots and blocks of land in Ft. Worth, and that plaintiff have judgment against each and all of the defendants for the value of her said tract of land, and that the said lots and blocks of land in Ft. Worth be decreed to be sold for the satisfaction of said judgment, for cost of suit, and for such other and further relief both at law and in equity as she may show herself entitled to receive."

Taken as a whole, we believe that the petition is not subject to the interpretation placed upon it by appellants. Properly construed, the allegation, in effect, that Mrs. Browning held title to the lots in trust for the benefit of appellees was merely to show the basis for the equitable lien asserted and which was established and foreclosed by the trial court. The statement of facts further shows that the vendor's lien reserved by the Whites in the deed to Mrs. Browning was later foreclosed, and, in the foreclosure sale which followed, that the Whites became the purchasers of all the property which they had conveyed to Mrs. Browning and which she did not sell. Appellees in this suit were not parties to that proceeding.

For the reasons indicated, the judgment is affirmed.

---

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes