## FORD MOTOR CO. v. NATIONAL FIRE INS. CO. OF HARTFORD, CONN., et al. (No. 7574.)

(Court of Civil Appeals of Texas. San Antonio. May 19, 1926. Rehearing Denied June 16, 1926.)

**1. Bailment ⟞13—Gratuitous user of baking oven and vat is not liable for damages caused by fire, in absence of negligence, though it contribute to make up loss.**

Gratuitous user of baking oven and vat used in enameling and baking automobile parts is not liable for damages caused by fire occurring while using the oven and vat, in absence of negligence, though it voluntarily contribute to make up the loss.

**2. Appeal and error ⟞1177(1).**

If case was not properly tried below or fully developed on proper theory, judgment will be reversed, and cause remanded, rather than judgment rendered.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by the National Fire Insurance Company of Hartford, Conn., and others against the Ford Motor Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Webster Atwell and Cecil L. Simpson, both of Dallas, for appellant.

Thompson, Knight, Baker & Harris, George S. Wright, and Pinkney Grissom, all of Dallas, for appellees.

COBBS, J. Ten insurance companies, appellees herein, sued appellant, the Ford Motor Company, to recover the amount of insurance paid Lamberth Motor Company on account of a fire loss, claiming negligence in the use of a bake oven and vat by appellant. It was alleged that the Ford Motor Company, with permission of the Lamberth Motor Company, was using and in exclusive charge of a bake oven belonging to said Lamberth Motor Company and situated in their place of business, and that on the date of the fire the said Ford Motor Company, its agents and servants, negligently allowed the fire from the bake oven to catch fire to the building and other property of the Lamberth Motor Company, and that thereby said property was partially destroyed and greatly damaged.

The claim was properly assigned to appellees herein, and they sued the Ford Motor Company as the assignees of Lamberth Motor Company.

The suit is predicated upon the theory that appellant had been guilty of a tort, committed by appellant, for which Lamberth Motor Company had a cause of action against it; that in the settlement the insurance companies paid the Lamberth Motor Company money that appellant was required to pay; and that, by the payment to the Lamberth Company of $5,033 by the appellant, it admitted its negligence and guilt.

One of the allegations in appellees' pleading against appellant is:

"Plaintiffs would show that shortly after the said fire, and said loss and damage, the said defendant examined the said Lamberth Motor Company's records, and checked up the said loss, and that the said defendant came to the conclusion that the said Lamberth Motor Company by the said fire had been damaged to a greater extent, to wit, $5,000 more than the said Lamberth Motor Company had received from its insurance carriers, the plaintiffs herein; that as a part of said damage, caused by said fire, the defendant Ford Motor Company paid to the said Lamberth Motor Company aforesaid the said sum of $5,000 to reimburse the Lamberth Motor Company for the damage sustained by the said Lamberth Motor Company in the fire mentioned hereinabove, the said sum received by said Lamberth Motor Company from these said plaintiffs; that thereby the said Ford Motor Company admitted liability for said risk for said fire, and assumed liability therefor.

"Plaintiffs would show that they had each written policies of insurance on the property hereinabove described, which was destroyed and damaged as aforesaid, and that they have in the aggregate paid to the said Lamberth Motor Company aforesaid the sum of $22,033.82, which was the sum found by its adjusters to be the amount of their liability under their several policies covering against the peril of fire the property hereinabove described; that at the time of the said payment they were duly and legally and in proper form subrogated to all the rights of any and every nature which the said Lamberth Motor Company had against the tort-feasor, responsible by its negligence for said fire, to wit, the said defendant, Ford Motor Company; that the said plaintiffs are now the owners and holders of this claim and cause of action against the defendant."

The case was tried with a jury, and the court submitted to them only one question, which the jury answered, "Yes," as follows:

"Was the payment by the defendant of the sum of $5,033 to the Lamberth Motor Company made as a payment of Lamberth Motor Company's loss and damage by fire?"

The appellant requested the court to give an instructed verdict for it, which the court refused. Then appellant requested the court to instruct the jury as follows:

---

"In view of the fact that the court has allowed evidence of the payment by the defendant to the Lamberth Motor Company of the sum of approximately $5,000, same being the difference between the amount of the loss sustained in the fire by the Lamberth Motor Company and the amount paid the Lamberth Motor Company by the plaintiffs, you are instructed and charged that, if you find from the other evidence admitted, under the ruling of the court, that the defendant has explained the reason for making such payment to the Lamberth Motor Company, then you are instructed and charged that such explanation may be, and must be, considered by you in connection with the plaintiff's contention to the effect that payment so made tended to prove, unexplained, an admission of liability on the part of the defendant, and you should consider evidence offered by the defendant, and on its behalf, as tending to explain such payment on its part to the Lamberth Motor Company.

"If reasonable explanation is made by the defendant of the said payment by it to the Lamberth Motor Company, and you believe same to be true, then proof of such settlement should not be considered as tending to admit liability of the defendant in this case."

Then further requested:

"At this time, plaintiff having closed its evidence, defendant comes and moves the court to instruct the jury to find for defendant, because defendant would show that there is no conflict in the testimony, and there is no testimony whereon a verdict for plaintiff would stand."

The property belonged to Lamberth Motor Company and was used in enameling and baking certain parts to Ford automobiles. The Ford plant was also situated in Dallas and had dismantled its baking oven and vat for the purpose of remodeling it and the Lamberth Motor Company loaned its equipment to appellant to use for a portion of the day. The Lamberth Company had been using the oven in the morning of that day and the Ford Company began its use about noon of the same day. While the Ford Company was using it a fire occurred which partially destroyed the plant, for which the insurance companies made an adjustment and paid the money to Lamberth Motor Company. The use that the Ford Company made of the oven does not appear to have been different from the use the Lamberth Company made of it.

It was several months after the fire when the sum of $5,033 was paid to Lamberth Company by appellant, without any request or demand. It was in a sense a voluntary payment, but the reason the payment was so promptly made was because it regarded Lamberth Company a good dealer and because it was an agent or dealer in the Ford Motor Company products, "an authorized dealer," whatever that is, and because it had offered the use of its premises to the Ford Motor Company gratuitously, and because the insurance paid did not make the Lamberth Company whole. There is no sufficient evidence that the fire was caused in any respect from any negligent use of the oven and vat. The appellant had used it a short while before, and used it the same way that the Lamberth Company used it.

[1] If Lamberth Company ever had any claim against appellant for the alleged tort, it was never set up or claimed, and it could not have recovered damages against appellant, unless it were shown that a careless and negligent use of the oven and vat caused the fire. Negligent use of the property is pleaded, and there is some slight testimony offered to support that theory. The court by its charge has eliminated every question of negligence and confined the inquiry of the jury to the sole question of whether the payment was "made as a payment of the Lamberth Motor Company's loss and damage by fire"; which thereby admitted negligence.

Evidently the jury did not understand the question they were to answer, and we are not surprised at that, so they fired back at the court this question:

"Your honor, the question in our minds is, Does that part of your charge in special issue No. 1, reading, '* * * As payment of Lamberth Motor Company's loss and damage by fire,' infer the payment of a legal obligation on the part of the Ford Motor Company to cover the actual loss sustained due to their responsibility for said loss?"

The court's answer was:

"The matter referred to in your question is a question of law which is to be determined by the court after you have answered the issue either 'yes' or 'no.'"

The payment by the Ford Motor Company was made, as claimed, as a voluntary payment or contribution toward making Lamberth Company whole on a loss which occurred while appellant was using the borrowed machine, because he was a prompt and favored customer.

There was no pleading or evidence that justified the submission of the question in the form used. If Lamberth Company had the right to recover against appellant for the alleged tort, it would have been on the ground of negligence, and that is all there is to it. It could not have been alone on account of the voluntary contribution on the part of the motor company. Lamberth Company never claimed to have any cause of action against appellant for the loss it so quickly contributed to. Instead of condemning them as guilty of negligence on account of this act, rather it should find approval.

[2] Perhaps the proper judgment here should be one to render; but, for the reason that this case has not been properly tried or fully developed upon the proper theory, the judgment of the trial court will be reversed, and the cause remanded for another trial.