## LEWIS et al. v. SAYLORS.
### No. 3999.

Court of Civil Appeals of Texas. Texarkana.
March 12, 1931.

E. A. Landman, of Athens, for appellants.
Bishop & Holland, of Athens, for appellee.

SELLERS, J.

This suit was instituted by the plaintiff against the defendants in trespass to try title, and plaintiff also pleaded title by the five and ten year statutes of limitation. The defendants answered by a plea of not guilty, and also alleged certain facts to show that plaintiff never purchased the interest of certain of the defendants, and also that the instruments executed by them were void and conveyed no title as to part of the defendants.

The case was tried to a jury, and, after all the testimony of plaintiffs and defendants had been developed and both sides had rested their case, the court instructed the jury to return a verdict in favor of plaintiff. And on the verdict of the jury the court entered judgment for plaintiff for the title of the land sued for, from which judgment defendants have appealed.

The defendants are Mrs. S. J. Lewis and her ten children, all of whom are now of age. Two of the children filed disclaimers.

It appears from the record that the husband of Mrs. S. J. Lewis died in 1906, and in 1910 Mrs. Lewis duly qualified as community survivor of the estate, and the three tracts of land here involved were all a part of the community estate of Mrs. Lewis and her deceased husband. On February 10, 1917, Mrs. Lewis, joined by seven of the heirs, executed a deed to the plaintiff for one of the tracts of land involved, same being the fifteen-acre tract. This deed was recorded in the deed record of Henderson county on September 13, 1917. On September 3, 1917, Mrs. S. J. Lewis executed to plaintiff a deed to another tract of land involved, same being ten acres of land, which deed was also recorded in the deed record of Henderson county on September 13, 1917. January 12, 1917, Mrs. S. J. Lewis, joined by five of the heirs, executed a bond for title to plaintiff to the third tract of land involved in this case, same being thirty acres of land. This instrument was duly recorded on the same date that the others were recorded. Plaintiff and defendants lived neighbors, only a few hundred yards between their homes, at the time the deeds were executed and continuously up until the filing of this suit. At the time the above instruments were executed a surveyor was employed who ran the lines and made the field notes to the land. The tracts of land involved joined other tracts of land owned by plaintiff upon which he lived at the time. Plaintiff immediately constructed fences on the line established by the surveyor and went into possession of all three tracts of land, and has held continuous peaceful and adverse possession, occupying and cultivating the premises until the institution of this suit,

paying all taxes on the land without any notice of any adverse claim until 1930, when two of the heirs of Mrs. Lewis undertook to convey some of the royalty to certain minerals under the lands, at which time plaintiff brought this suit.

The above facts being undisputed, we are of the opinion that plaintiff clearly established title to all three tracts of land under the ten-year statute of limitation (Rev. St. 1925, art. 5510), and there was no error by the court in directing the jury to return a verdict in favor of plaintiff.

■ It is insisted by defendants in their brief that the ten-year statute of limitation has not run against all the defendants for the reason that ten years have not expired since some of them reached their majority. From the facts developed upon the trial, this would seem to be true, but the pleadings of defendants do not make the infancy of any of the defendants an issue; and, in the absence of pleadings, infancy will be waived. Any pleading seeking to avoid a plea setting up the statute of limitation should state such facts as show the statute could not have run. Krause et al. v. Hardin et al. (Tex. Civ. App.) 222 S. W. 310.

■ The various assignments of defendants attacking the validity of the instruments above referred to will not be discussed, for the reason that their validity could in no way affect plaintiff's title by the ten-year statute of limitation. Actual possession and cultivation of the land in controversy is all that was necessary to start the running of the ten-year statute of limitation, whether the possessor had any deed to the land or not.

. The judgment of the trial court is affirmed.