## HOWERTON FINANCE CORPORATION v. FARMERS' & MERCHANTS' NAT. BANK OF ABILENE et al.

### No. 856.

Court of Civil Appeals of Texas. Eastland.
April 24, 1931.

Rehearing Denied May 22, 1931.

Victor A. Smith, of Henderson, for appellant.

Futch & Cooper, of Henderson, and Paul C. Thomas, of St. Paul, Minn., for appellee.

840

H. L. De Busk, of Abilene, for appellant.

Carl P. Hulsey, of Abilene, for appellees.

HICKMAN, C. J.

This suit was instituted by appellant, hereinafter referred to as the finance company, against Gus Diamond and Farmers' & Merchants' National Bank of Abilene, hereinafter referred to as the bank. The suit against Diamond was upon a promissory note and for the foreclosure of a chattel mortgage upon an automobile. The bank was joined as a party defendant for the purpose of having set aside and held for naught a judgment rendered at a prior term of the court in its favor against Diamond upon a note, and for the foreclosure of an alleged mortgage upon the same automobile. Under this prior judgment, a sale had been made, and the bank became the purchaser thereat. The mortgage upon which the judgment of foreclosure in favor of the bank rested was prior in point of time to the one declared upon by the finance company in this suit. Trial below was before the court without the assistance of a jury, and no findings of fact appear in the record. Judgment was rendered in favor of the finance company against Diamond on the note, but it was decreed that said company take nothing by its suit for a foreclosure of its mortgage lien or upon its action to have the original judgment in favor of the bank against Diamond set aside and held for naught. It appears that no question of equity of redemption is involved, as the value of the automobile is probably less than the amount of either lien. The finance company appeals.

The case was tried below upon the wrong theory. The finance company's pleadings disclose that its theory was that, in order for it to obtain any relief in the form of a foreclosure of its mortgage lien, the judgment in the suit of the bank against Diamond, wherein the finance company was not a party, must first be set aside and held for naught. That view seems to have been adopted by the trial court, and, since it was the opinion of that court that the finance company had no right to have that judgment set aside as between the parties thereto, no relief was granted on its prayer for a foreclosure of its mortgage lien.

The exact question presented by these facts was before this court in Livezey v. Putnam Supply Co., 30 S.W.(2d) 902 (error refused). It was again before us in the case of National Loan & Investment Company v. Pelphrey & Co., 39 S.W.(2d) 926, where same

was given a most careful consideration, with the citation of many authorities not referred to in the Livezey Case. We shall not again enter into a discussion of the question further than to observe that the finance company was not affected by the judgment rendered in favor of the bank against Diamond, and had no right to have same set aside as between the parties thereto. This suit should have been tried just as if there had been no prior judgment; the issues being the validity and priority of the respective mortgages.

While the plaintiff's petition was based upon an incorrect theory, it was sufficient, as against a general demurrer, to state a cause of action for foreclosure against the bank. It therefore becomes necessary to determine which of the two parties showed a superior right to a lien on the chattel. The finance company introduced its note and mortgage. That made out a prima facie case entitling it to a foreclosure against all parties; it having been shown that the bank was in possession of the car and claiming title thereto. The bank failed to make out any defense to the cause of action established by the finance company. The mortgage upon which it relies was executed by Thomas C. Bush, of Eastland county, in favor of Packard-Scruggs Company, of Dallas, to secure an installment note of $720 executed by Bush to the mortgagee. In some way wholly unaccounted for by the record, Gus Diamond came into possession of this note and mortgage, and pledged same to the bank as collateral security for a loan made by the bank to him. There is no showing of a transfer of the mortgage or indorsement or transfer of the note out of Packard-Scruggs Company. The mere possession of a note payable to the order of another than the plaintiff, not specially indorsed to plaintiff nor indorsed in blank, is not prima facie evidence of his ownership of the note. Pinkerton v. Kempner (Tex. Civ. App.) 8 S. W.(2d) 555; Hubbard v. St. John.(Tex. Civ. App.) 8 S.W.(2d) 556.

Under this rule, the bank wholly failed to establish that it was the owner or pledgee of any mortgage at all upon the automobile, for the mortgage follows the note. Judgment, therefore, should have been in favor of the finance company against both of the defendants for a foreclosure of its mortgage lien.

But we are unable to render judgment in this court. As noted above, the case was tried on a wrong theory. Since it was so tried, no effort was made to establish the chain of title between the Packard-Scruggs Company and the bank. When it appears that a case was tried on the wrong theory, and it does not appear that it was fully developed in the trial court, it is our duty, upon reversing the judgment, to remand the case for a new trial, rather than to render judgment in favor of appellant. 3 Tex. Jur. § 854.

Before the next trial, the pleadings should be recast.

Reversed and remanded.