## CITIZENS' NAT. BANK OF LUBBOCK v. ADAMS.

### No. 4110.

Court of Civil Appeals of Texas. Amarillo.
Dec. 6, 1933.

Rehearing Denied Jan. 15, 1934.

Bean & Klett, of Lubbock, for appellant.

Syrian E. Marbut and Chas. C. Triplett, both of Lubbock, for appellee.

HALL, Chief Justice.

Adams sued the appellant bank September 8, 1932, to recover $333.20 alleged to have been collected from D. N. Stokes by said bank

for appellee. He alleges that Stokes owed him certain notes; that he had done a great amount of business with the defendant and placed his notes in the bank for collection; and that the bank was handling the transaction for plaintiff with Stokes and acting as the agent of plaintiff, collected said sum of money from Stokes and fraudulently appropriated said sum to its own use and benefit and failed to credit the plaintiff's account in said bank with the amount of said collections. That plaintiff was under the impression that said money, when collected, had been deposited to his credit or that he had been given credit on indebtedness which he owed the defendant bank at that time, and continued to be under such impression until some time in the year 1931, when he first discovered that he had not been given credit for said $333.20, and that said amount had never been deposited and entered upon his checking account. That defendant was acting in a position of trust toward plaintiff in collecting said money and continued as trustee until plaintiff discovered the fraud.

■ Appellant answered by general demurrer and four exceptions which it denominates special exceptions, but because they do not point out the particular insufficiency of the petition excepted to as required by District and County Court Rule 18, they are only general demurrers. The last two recite that the amended petition shows that plaintiff's right of action "arose more than four years [and two years] before the filing of this suit and said pleading fails to allege sufficient facts which prevented the running of limitation to a date less than four years [two years] before the filing of this suit." Said statutes were also pleaded in bar of plaintiff's right to recover, together with the plea of estoppel.

Appellee, Adams, filed a supplemental petition consisting of a general denial and further alleged that he had no knowledge of the misappropriation until less than two years before the filing of his suit; that the misappropriation was called to his attention for the first time through an audit of defendant's books in October, 1929; that he immediately notified defendant as to what the auditor's report showed and defendant represented to him that he had received credit for said sum of money and asked him for further time to investigate the bank's books, representing to him that, if such misappropriation had been made, it would make it good and that the bank would not plead limitation, all of which plaintiff relied upon; that the defendant did not repudiate the trust or refuse to pay him said sum of money until less than two years before the filing of this suit. He further alleges that he is not learned in accounting, bookkeeping, and banking, and that he was not negligent in failing to comprehend said misappropriation; that he had a lawful right to rely upon the fiduciary relation which existed between himself and the defendant

and to believe that defendant would properly account for all moneys paid to it or placed in its possession for plaintiff by his debtors.

All of defendant's demurrers and exceptions to plaintiff's pleadings were overruled by the court.

The court submitted to a jury the following special issues which were answered as indicated:

"Special Issue No. 1. Do you find and believe from a preponderance of the evidence that the defendant failed to credit the plaintiff for the proceeds of the check in question? Answer yes or no just as you find."

Answer: "Yes."

"Special Issue No. 2. Do you find from a preponderance of the evidence that the plaintiff made demand on defendant to pay plaintiff the proceeds of the check in question more than two years preceding the filing of this suit, i. e., September 8, 1932? Answer yes or no just as you find."

Answer: "No."

"Special Issue No. 3. Do you find from a preponderance of the evidence that the defendant refused to plaintiff the proceeds of the check in question more than two years before the filing of this suit, i. e., September 8, 1932? Answer yes or no just as you find."

Answer: "No."

It appears from the record that Stokes paid the indebtedness of $333.20 by a check dated December 3, 1925, in favor of the bank and drawn on his own account in said bank.

Judgment was entered in favor of Adams for the amount sued for, from which the bank has appealed.

By its first proposition, the appellant insists that because appellee filed suit more than two years after the alleged conversion and having failed to allege that by the exercise of reasonable diligence he would not have made the discovery earlier than within two years before the filing of the suit, his pleading was subject to appellant's special exception that said petition shows on its face that the cause of action arose more than two years before the filing of the suit and fails to allege sufficient facts to prevent the running of limitation to a date less than two years before the filing of the suit, and the court erred in overruling the said exception.

The second proposition is the same as the first, except it is based upon the alleged erroneous action of the court in overruling an exception raising the four-year statute of limitation (Rev. St. 1925, art. 5529).

■ These two propositions are not supported by the record. Reference to the exceptions shows that they are not special exceptions at all, because they do not, as stated above, challenge the sufficiency of the petition on the ground that plaintiff failed to allege and prove that by the exercise of rea-

sonable diligence he would not have made the discovery earlier. District and County Court Rule 18. No such language is contained in either exception, and it is too late to raise the issue in this court. Moreover, the court did not err in overruling the first two two propositions directed to the sufficiency of the original petition alone. A plaintiff need not in his original pleading allege all the facts which show that his cause of action is not barred and thereby anticipate that the debtor will plead the statute. If his petition shows that his cause of action is barred and the defense of limitation is interposed by the defendant, then the plaintiff may by supplemental petition show that he is within one or more of the exceptions to the statute which will excuse his delay in filing the suit. Republic Supply Co. v. Waggoner (Tex. Civ. App.) 283 S. W. 537; McCord v. Bass (Tex. Com. App.) 223 S. W. 192; Lewis v. Saylors (Tex. Civ. App.) 37 S.W.(2d) 760; Hardin v. Hardin (Tex. Civ. App.) 1 S.W.(2d) 708; 28 Tex. Jur. 294, §§ 201, 202.

■ To avoid the effect of the statute and bring himself within the exceptions, the appellee pleaded that, when he approached Baker with reference to the matter telling him that no credit had been given for that amount, Baker insisted that he had received credit and requested that no suit be filed at that time and that he be given further time to go through the books of the bank and ascertain the real facts, to which he assented. He further seeks to avoid the effect of the statute by his allegation that Baker promised not to plead limitation if he was given more time to investigate the matter. He also alleged and proved his inability because of age and deafness and ignorance of banking details to understand the bank's statements, that he was not learned in accounting, bookkeeping, and banking, for which reason he was not negligent in failing to understand and know the facts of the fraudulent conversion. These were meritorious defenses to defendant's plea of limitation. 28 Tex. Jur. 246, § 149; 294 et seq., §§ 200, 201, 202; 248, § 156; 20 Tex. Jur. 114, § 76; 37 C. J. 222; Smith v. Dupree (Tex. Civ. App.) 140 S. W. 367; McNeese v. Page (Tex. Civ. App.) 29 S. W.(2d) 489. Therefore the court did not err in overruling the exception because he did not allege that he had used due diligence to ascertain the facts.

By the third and fourth propositions the same contention is made and it is insisted that because Adams did not allege or prove that he could not by the exercise of reasonable diligence have found out prior to two years and prior to four years before the filing of the suit that there had been such conversion, the court should have directed a verdict in favor of the appellant.

What we have already said disposes of these two propositions.

■ By the fifth proposition the appellant bank contends that this being a suit to recover the proceeds of a check made by Stokes to the Citizens' National Bank and not made in favor of appellee, the proceeds of which appellee claimed he was entitled to, it was necessary and an ultimate issue of fact and basis of recovery as to whether he was entitled thereto, and the court having failed to submit a charge thereon and the appellee having failed to request a special issue thereon, he thereby waived his right of recovery and the court should have directed a verdict in favor of the bank.

There is no merit in this proposition. The uncontradicted evidence shows that Stokes gave his check for $333.20, payable to the bank, drawn on his account in the bank, for the purpose of paying Adams' note. Adams and Boyd, the auditor, both testified that Baker admitted having received the check and no witness testified for the bank in contradiction of their statements. The check itself was introduced in evidence and had the paid stamp of the Citizens' National Bank upon the back of it. It is not necessary to submit as issues questions which are not controverted. Garrett v. State (Tex. Civ. App.) 51 S.W.(2d) 822, 825, where Judge Jackson said: "Where there is no conflict in the testimony, and no room to doubt or hesitate as to a matter of fact in issue, the Judge, in his charge, ought not to assume that it is or may be doubtful. Such a course is calculated either to confound the jury, by causing them to doubt the justice of their own clear convictions; or to mislead by inducing them to suppose they may find the fact either way, when the evidence warrants but one conclusion, and, to find contrariwise would be to find manifestly against the evidence. The rule, which forbids the Judge to charge upon the weight of evidence, does not require or authorize him to assume as doubtful, that which is clear and indisputable; or to assume hypotheses at variance with the certain fact. Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact; and the charge of the Court should proceed upon that basis."

Sanitary Appliance Co. v. French (Tex. Civ. App.) 58 S.W.(2d) 159, 164; 25 Tex. Jur. 494, §§ 109, 110.

■ By the sixth proposition the appellant insists that the verdict and judgment are erroneous because the court so framed his first special issue as to lead the jury to believe that plaintiff was entitled to credit for the proceeds of the check in question.

What has just been said in disposing of the fifth proposition also disposes of this contention. The bank introduced no witnesses and the uncontradicted testimony of

Adams is that he was entitled to the proceeds of the check.

■■ By the seventh proposition the appellant insists that because it pleaded limitation, one issue of fact was whether appellee discovered more than two years before filing his suit that he had not received credit for the proceeds of the check, the court erred in refusing to submit its special requested issue as follows: "On what date did plaintiff Adams determine in his own mind that the check of $333.20 had not been properly credited to his account?"

This issue was immaterial. If the defense of limitation was available to the bank, the statute commenced to run when Adams discovered, or by the use of reasonable diligence might have discovered, that the bank had fraudulently converted the proceeds of the check and not when he determined in his mind that the same had not been credited to his account. 20 Tex. Jur. 112, § 75. Adams testified that he called at the bank and talked with Baker about the Stokes notes and that Baker told him Stokes had paid the first note a few days prior to that time. That the first note was in the sum of $340, which was discounted at the time $6.80. He further testified that Baker told him Stokes had paid the note with a check drawn on Stokes' account in the Citizens' National Bank, making the check payable to the bank, and that the check had been paid and been credited to his account. He further testified: "As I had done a great amount of business with the Citizens' National Bank, I trusted the Bank and relied upon the statements of its agent and officer France Baker, that it would place said money to my account either on indebtedness I owed to the Bank or to my depositing account." Since the bank was authorized to credit the amount received either upon Adams' account or to credit it upon Adams' note which the bank then held, the defense of estoppel has no application to this case.

As said in 6 Tex. Jur. 292, § 164: "As a general rule, after the collection has been made, the Bank becomes a simple contract debtor for the amount, less any commissions which may be charged. If the one for whom the collection was made is a regular depositor, the same is properly placed to his credit in the ordinary deposit account unless some peculiar usage or special instruction demands a different course of dealing. If he has no deposit account, the bank owes him the money upon demand. * * * Prima facie the right to the proceeds is vested in one who deposits the paper for collection."

As said in 6 Tex. Jur. page 267, § 125: "The two years statute [of limitation] is applicable unless the contract relating to the deposit is in writing. The same period is applicable to an action for conversion of a deposit, it being understood that the period runs from the time when the plaintiff has discovered the fact that his money has been converted or has become cognizant of facts enabling him to discover the conversion."

First State Bank v. Shannon (Tex. Civ. App.) 159 S. W. 398; Prosser v. First National Bank (Tex. Civ. App.) 134 S. W. 781.

■■ The case as made by the pleadings and the evidence is simply one where the plaintiff deposited promissory notes which he owned with the bank for collection. This created the relation of principal and agent. There seems to have been some confusion in the trial of the case on account of the fact that the court or counsel were of the opinion that the rules governing the rights of a depositor in the bank control. This is evidenced by the last two issues submitted to the jury. The rule is that the statute of limitation begins to run from the time that the principal discovers the fraud of his agent and the conversion of his property. White v. Love (Tex. Civ. App.) 174 S. W. 913; Bonner v. McCreary (Tex. Civ. App.) 35 S. W. 197.

If the money when collected had been deposited to Adams' credit, limitation would not have commenced to run against him until he made demand upon the bank. Rodriguez v. First State Bank (Tex. Civ. App.) 213 S. W. 357; First State Bank v. Shannon, supra; Behringer v. City National Bank (Tex. Civ. App.) 296 S. W. 674. Adams testified that he first discovered that the bank had converted the proceeds of the check when he had his books audited in October, 1929, by Boyd.

■ The second and third issues were submitted upon the theory that limitation commenced to run from the date of demand and they are therefore immaterial. The issues having been submitted upon a mistaken theory, the duty rested upon the appellant to either call the court's attention to the error or request proper issues correctly presenting its defense of limitation. It failed to do this.

■ The plaintiff failed to request the court to submit to the jury the issues raised by the three grounds pleaded by him in avoidance of the bar of limitation. Under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591, such failure would ordinarily result in a waiver of these independent grounds. Because the case has been tried upon an erroneous theory and submitted to the jury under a mistaken impression as to the law applicable to the case and because the judgment is based upon a verdict made up of immaterial findings and uncontroverted issues, we believe the ends of justice will be better served by reversing and remanding the cause for another

trial, and it is accordingly so ordered. Slone v. First National Bank (Tex. Com. App.) 276 S. W. 209; City National Bank v. Eastland County (Tex. Civ. App.) 12 S.W.(2d) 662 (27); Keevil v. Ponsford (Tex. Civ. App.) 173 S. W. 518; Ford Motor Co. v. National Fire Ins. Co. (Tex. Civ. App.) 285 S. W. 905; Western Union Tel. Co. v. Midgett (Tex. Civ. App.) 251 S. W. 253; Howerton Finance Corp'n v. F. & M. National Bank (Tex. Civ. App.) 38 S.W.(2d) 839; 25 Tex. Jur. pp. 490, 494, 495.

Reversed and remanded.