**TRADERS' & GENERAL INS. CO. v. LINE.**
**No. 2983,**

Court of Civil Appeals of Texas. El Paso.
April 5, 1934.

Rehearing Denied May 3, 1934.

Lightfoot & Robertson, of Fort Worth, and Collins, Jackson & Snodgrass, of San Angelo, for appellant.

J. B. Cotten, of Crane, and R. G. Hughes and D. B. Hardeman, both of San Angelo, for appellee.

HIGGINS, Justice.

This is an action under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.), brought by Line against the appellant to set aside a ruling of the Industrial Accident Board. The plaintiff alleged that, while driving a truck as an employee of E. L. Farmer, he accidentally sustained personal injury on May 20, 1932; that appellant was the insurance carrier of his employer under the Workmen's Compensation Law. The defendant answered by general demurrer and general denial.

The jury found:

(1) Plaintiff, while working for Farmer, driving a truck for Farmer, on May 20, 1932, sustained accidental personal injuries.

(2) Plaintiff sustained loss of capacity for work as a result of such injuries.

(3) Such incapacity commenced May 20, 1932.

(4 and 5) Such loss of capacity was total and permanent.

(11) This is a special case, in the judgment of the jury, wherein manifest hardship and injustice would result to plaintiff if defendant should fail to redeem its liability by payment of a lump sum instead of weekly payments.

Other issues, having been conditionally submitted, were not answered. Judgment in plaintiff's favor for $6,033.37 was rendered.

The various propositions upon which appellant submits its appeal may be summarized as follows:

(1) The evidence fails to show that appellant had issued a policy of workmen's compensation insurance to plaintiff's alleged employer, Farmer, and that such policy was in effect and insured plaintiff at the time he sustained his alleged injuries.

(2) Under the pleadings and evidence it was an issue of fact whether appellant had issued a policy of compensation insurance to Farmer and that same was in effect and covered plaintiff at the time he sustained his alleged injury; that such issue, not having been submitted to the jury nor requested by plaintiff to be submitted, was waived and passed out of the case, and with such vital issue waived there is no basis for the judgment against the defendant.

(3) Question No. 1 is duplicitous in that it submits three separate issues.

(4) Such question is upon the weight of the evidence in that it assumed and informed the jury that Line was working for Farmer and driving a truck for Farmer on May 20, 1932.

(5) The issue as to plaintiff's weekly wage was an issue of fact which was not submitted to the jury nor requested to be submitted, and was therefore waived, for which reason there is no basis for the judgment.

(6) The pleadings and evidence are insufficient to sustain a lump sum settlement.

These propositions call for no extended discussion. Our conclusions disposing of same are as follows:

■ 1. Plaintiff offered in evidence a certified copy of a notice filed by appellant with the Industrial Accident Board stating that it transmitted therewith a notice from E. L. Farmer, and in addition the notice advised the board of the following facts: "Employer: E. L. Farmer; Address: Breckenridge, Texas; Location of risk: Breckenridge and elsewhere in the State of Texas; Occupation: Truckman; Approximate number of Employees: 6; Policy Number: W. C. 832; Date Effective: March 28, 1932, at 12:01 A. M.; Date of Expiration: March 27, 1933; New: New; Agent or Broker: Sweeney, Holder & Johnson, Breckenridge, Texas; Dated at: Dallas, Texas, this 28th day of March, 1932."

The Farmer notice so transmitted by appellant gave this information: It stated that E. L. Farmer, of Breckenridge, Texas, had become a subscriber under the Workmen's Compensation Law by insuring with the Traders' & General Insurance Company, of Dallas, Tex., and that his occupation was that of a truckman; approximate number of employees was six; estimated annual pay roll, $6,000; policy No. W. C. 832, effective March 27, 1932, at 12:01 a. m., expires March 27, 1933.

Appellant not having denied under oath the notice so given to the board, the same was prima facie proof of the facts therein stated. Section 5 of article 8307, as amended by Acts 42d Legislature (1931), p. 378, c. 224 (Vernon's Ann. Civ. St. art. 8307, § 5). Texas, etc., v. Bradford (Tex. Civ. App.) 62 S.W.(2d) 158.

■ The undisputed evidence shows plaintiff was driving a truck as an employee of E. L. Farmer on May 20, 1932, at the time he claims to have been injured. The notice to the board discloses that appellant was the insurance carrier, under the Compensation Act of Farmer, as evidenced by a policy issued by appellant effective from March 28, 1932, to March 27, 1933. This shows prima facie that appel-

lant had issued such a policy, that it was in effect and insured plaintiff at the time he was injured. There is nothing in the other evidence in the case which impeaches such prima facie showing so as to raise any issue of fact in respect thereto. In fact it is quite clear that appellant tried this case upon the theory that it was the insurance carrier for Farmer at the time in question and that appellee was protected by such insurance. The only evidence offered by defendant consisted of the testimony of certain medical experts and X-ray photographs. It will not be permitted to try the case in the lower court upon one theory of fact and present an appeal upon an opposite theory.

■ Nor is it necessary for the court to submit issues established by undisputed credible evidence from which evidence only one conclusion can be drawn. Speer Special Issues §§ 163, 195 and 456; Citizens' Nat. Bank of Lubbock v. Adams (Tex. Civ. App.) 67 S.W.(2d) 421. For these reasons the first and second propositions present no error.

■ 2. Question No. 1, which reads, "Do you find from a preponderance of the evidence in this case that the plaintiff, L. C. Line, while working for E. L. Farmer, driving a truck for the said E. L. Farmer, on the 20th day of May, 1932, sustained any accidental personal injury?" is not to be properly regarded as duplicitous or upon the weight of the evidence.

■ It is undisputed Line was working for Farmer and driving a truck for him on May 20, 1932. There was no controversy as to this, and a charge which assumes the existence of uncontroverted facts, or facts established conclusively by the evidence, is not in violation of the statute which forbids the court to comment upon the weight of the evidence. 24 Tex. Jur. title "Instructions," § 74.

Disposing of the duplicity theory, we quote from section 187, Speer on Special Issues: "It does not follow, however, that there cannot be a grouping of facts in a single interrogatory. On the contrary, it frequently happens that the ultimate fact issue being submitted is made up of more than a single fact element,—sometimes of a group of facts or fact elements, without the concurrence of all of such facts, the controlling fact issue would be incomplete and a finding thereon meaningless in law. So that, a proper grouping of facts as herein contradistinguished from issues, is not only allowable, but often-times is permissible and even indispensable. This is the essential doctrine of completeness."

■ 3. The undisputed testimony of plain-

tiff and the witness Schrader shows that plaintiff's average weekly wage, upon any theory of calculation, was in an amount sufficient to support the amount awarded upon the lump sum settlement. The evidence upon the issue being undisputed, it is not necessary to submit such issue, and it will be presumed in support of the judgment that it was found by the court in accordance with such evidence. Article 2190, R. S., as amended by Acts 1931, c. 78, § 1 (Vernon's Ann. Civ. St. art. 2190); Speer on Special Issues, §§ 163, 195, and 456; Citizens' Nat. Bank of Lubbock v. Adams, supra.

4. We regard as without merit and overrule the sixth point that the pleadings and evidence are insufficient to sustain a lump sum settlement.

Affirmed.