## HARTFORD FIRE INS. CO. v. CLEMENTS.
### No. 688.

Court of Civil Appeals of Texas. Eastland.

Jan. 2, 1931.

T. S. Christopher, of Lamesa, for appellant.

Carl Rountree and R. Dyrel Kirk, both of Lamesa, for appellee.

HICKMAN, C. J.

Appellant sued appellee for the balance due on two promissory notes given in payment for premiums on insurance policies. The amount in controversy is less than $200, but it appears that by a local law the jurisdiction of the county court of Dawson county has been increased so as to confer original jurisdiction on that court to determine civil cases when the amount involved is less than $200. This local law is authorized by article 5, § 22, of the Constitution. The case was tried before a jury, and upon the verdict returned judgment was rendered that appellant take nothing, from which judgment this appeal has been prosecuted.

At a prior day of this term we dismissed the appeal because appellant's brief contained no assignments of error. Later the judgment of dismissal was set aside and the cause reinstated on condition that appellant file corrected briefs within ten days. The condition has been complied with, and we shall therefore consider the case on the propositions urged.

The first and third propositions, based upon the eighth and fourteenth assignments of error, complain of the alleged action of the court in overruling certain motions. The transcript contains these motions, which were filed with the county clerk, but the record nowhere discloses that same were ever presented to the trial court, or that any order was ever entered thereon. These propositions and assignments therefore present no question for our determination. 3 Tex. Jur. § 351, pages 502, 503, and authorities there cited.

The second proposition, which is the same as the second assignment of error, is as follows: "The judgment of the court is contrary to the law." The assignment and proposition are too general to present any question for consideration. Article 1844, R. S. 1925; Rules for Courts of Civil Appeals, No. 26; 3 Tex. Jur. § 596, pages 852, 855, and authorities there cited.

The fourth proposition, which is the same as the seventh assignment of error, complains of the action of the court in overruling appellant's special exception No. 6. The record fails to disclose that this special exception was ever presented or considered by the court, and there is no order in the record overruling the same. We are therefore unauthorized to consider this question. 3 Tex. Jur. § 362, pages 513–515, and authorities there cited.

The fifth proposition complains of the action of the court in allowing the introduction by appellee of certain testimony, and the sixth proposition complains of the rejection

of testimony proffered by appellant. There is no bill of exceptions in the record. These propositions therefore present no question for review. 3 Tex. Jur. pages 477, 478, § 334, and authorities there cited.

■ Propositions 7, 8, and 9 complain of the court's charge. The record contains some exceptions to the court's charge, but there is no showing at all that these exceptions were ever presented to the court or that the court ever acted thereon. Article 2185, R. S. 1925, provides that objections to the court's charge shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived. This statute has been many times construed as a denial of the right of an appellant to have an appellate court review the alleged errors in the charge of the trial court when the record fails to show that written objections and exceptions to such charge were presented to the court before the charge was read to the jury. 3 Tex. Jur. §§ 348, 349, pages 498, 501, and authorities there cited.

■ The tenth proposition complains of the action of the trial court in refusing to give in charge a special issue requested by appellant. This special requested charge appears in the record and is indorsed at the foot thereof as follows: "Rejected, Dixie Kilgore, Presiding." Under article 2188, R. S. 1925, we must conclusively presume that this request for the submission of a special charge was presented to the trial judge at the proper time, and that exception was taken to his refusal to submit same to the jury. We are therefore authorized to consider this proposition.

The requested issue was as follows: "Did the defendant J. L. Clements ever tender performance or offer to perform the conditions prerequisite to the cancellation of the policies under the terms thereof?"

One of the issues submitted by the court in the main charge was: "Did the defendant, on or about the time the first installments herein sued upon became due, notify the plaintiff's agent to cancel the policies?" This issue was answered in the affirmative.

■■ The facts inquired about in the requested charge which the court refused to give were undisputed. Appellant's brief in discussing his tenth proposition states: "There was only one issue involved in this entire matter, and that issue was whether or not the defendant surrendered the policies of insurance and tendered payment of the premium for a short rate cancellation. Clearly he never did do this and his own testimony convicts him on this proposition."

Only disputed issues of fact should be submitted to the jury. The issue requested was a question of law as to the interpretation of an insurance policy, and clearly no error was committed by the trial court in rejecting it.

There being no reversible error presented, and no fundamental error appearing on the face of the record, it is our order that the judgment of the trial court be affirmed.