## TIMMS et al. v. ECHOLS et ux.

### No. 3795.

Court of Civil Appeals of Texas. Amarillo. April 27, 1932.

Rehearing Denied June 1, 1932.

Dorenfield, Foster & Fullingim, of Amarillo, for appellants.

L. B. Godwin and Works & Bassett, all of Amarillo, for appellees.

### RANDOLPH, J.

Suit by Echols and wife as plaintiffs to recover damages alleged to have been caused appellee Mrs. Echols, by appellants, because of the alleged misconduct of the defendant L. W. Timms, and also to recover for the death of a child. The case being submitted to a jury upon special issues and such issues having been answered by them, the trial court rendered judgment for appellees, hereinafter called plaintiffs, for injuries caused to Mrs. Echols, but refused to award damages to plaintiffs for the death of the child. From this judgment the defendants have appealed.

The plaintiffs' petition alleges substantially that they were residing in a house in Carson county, belonging to the Timms-Fogarty Oil Corporation, which was furnished to the plaintiffs as a place of residence in connection with and as a part of the plaintiff Josephine Echols' and T. B. Echols' employment with the defendant corporation; that the defendant L. W. Timms was in charge of and managing the work and operation of the defendant corporation in and about the lease premises upon which the house was located.

That on January 15, 1930, the plaintiff Josephine Echols was great with child, which was plainly visible and well known to the defendant L. W. Timms and through him to the said defendant corporation; she being at that time about eight months advanced in pregnancy.

That about 11 o'clock a. m. on January 15, 1930, while Josephine Echols was in the kitchen of said dwelling house, defendant L. W. Timms, without knocking or giving any previous warning, pushed and shoved the kitchen door open and rushed rudely and roughly into said kitchen and in the presence of Josephine Echols asked in a loud and boisterous manner, "Where is Brown?" and stated, in substance: "I can't get a God damn thing done around here and I am going to can every son of a ——— on this lease," the said Timms referring in his mention of Brown to another employee on said lease and plaintiff T. B. Echols being included in the statement to "can," meaning to discharge, "every son of a ——— on said lease."

The plaintiffs were at that time dependent upon the wages and employment of T. B. Echols for their support and living, and Josephine Echols was in her then condition easily excited and rendered nervous, all of which was well known to the defendants, or in the exercise of ordinary care would have been known to them.

That the unexpected entry of the defendant Timms and his loud and boisterous statements and threats greatly shocked and unnerved plaintiff Josephine Echols and threw her into a nervous tremor, causing her to become immediately sick and bringing on the pains or travail of labor and as a proximate result of which she gave birth to a child about 6 p. m. of said date, which child died about 10 o'clock p. m. of January 19, 1930, without being able to take proper and sufficient nourishment; the plaintiff Josephine Echols being caused great hurt, injury, and pain which she would not have suffered but for said acts and conduct and words of the defendant Timms.

That prior to the birth of said child, plaintiff Josephine Echols was a stout, healthy woman, about ——— years of age, capable of performing and performing the duties and services of wife, mother, and housekeeper; that in the great physical and mental suffering caused her as a result of the premature birth of the child, her health was seriously injured, etc.

Further the plaintiffs plead their damages caused by the death of the child. As the jury's finding was against the plaintiffs on this question, and as the trial court's judgment was in favor of the defendants and no appeal has been taken from that portion of said judgment, it goes out of the case.

The defendants' second amended original answer consisted of a general demurrer, special exceptions, a general denial, and special answer and defense: (a) Lack of knowledge on the part of defendants as to the pregnant condition of Mrs. Echols; (b) that defendant Timms was not at the place of residence at that date; (c) denying that the defendant Timms used the language charged in the plaintiffs' petition; (d) that the defendants could not reasonably anticipate that such acts as were charged would likely produce a premature delivery of the child in question; (e) a plea of contributory negligence in permitting an open gas stove to burn in the room which caused the death of the child; (f) and further that prior to January 15, 1930, the plaintiff Josephine Echols was in grave and immediate danger of suffering a miscarriage and that plaintiffs had been advised by their attending physician that unless she remained in bed and removed the gas stove she would suffer a miscarriage and that said child would die; that plaintiffs neglected and refused to remove the open gas stove, and plaintiff and Josephine Echols neglected and refused for said plaintiff to go to bed as advised, and as a direct and proximate result thereof said miscarriage occurred.

The first proposition submitted by defendants of error on the part of the court is: "Defendants having pleaded and offered evidence in support of their plea of contributory negligence on the part of plaintiffs and the Court having submitted the issue of contributory negligence to the jury, defendants were entitled to have the legal term 'contributory negligence' defined and construed to the jury."

Nowhere in the court's charge is an issue by that name submitted to the jury. It is true that the court does submit issues of fact which were answered by the jury based upon evidence introduced by defendants and pleaded by them as having contributed to the injury, or as being the proximate cause of the injury to Josephine Echols in the premature birth of the child. To illustrate: The jury were instructed to find whether or not the plaintiffs were instructed by their attending physician to remove the open gas stove from their dwelling house, which the

jury answered in the negative; to find whether or not the plaintiffs or either of them were advised by their attending physician that the said Josephine Echols should remain in bed and that her failure to do so would result in a miscarriage, which the jury answered in the negative.

It appears that there was no use by the trial court of the technical term "contributory negligence," and that issues submitted were issues which merely instructed the jury to find whether or not the facts existed upon which the court could find whether or not there was contributory negligence as a matter of law on the part of the plaintiffs.

Article 2189, R. C. S. of Texas 1925, requires the trial court to submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues.

"The courts have uniformly held that each separate issue of contributory negligence raised by the pleadings and evidence should be submitted to the jury for its determination separately by the court, the same as each affirmative act of negligence charged against the defendant." Texas & N. O. R. Co. v. Owens (Tex. Civ. App.) 299 S. W. 933, 935. See also the authorities therein cited.

This statutory rule was literally followed by the trial court and in doing so he committed no error.

The second proposition of error is: The plaintiffs having pleaded that the use by the defendant L. W. Timms of harsh, violent, and abusive language in the presence of Josephine Echols produced and proximately caused the injury complained of, and the defendants having specially pleaded that they could not reasonably foresee that the words and conduct of the defendant Timms would cause a premature birth of the child, defendants were entitled to have submitted to the jury an issue as to whether the defendant L. W. Timms, in the exercise of "ordinary" care as that term was defined in the Court's main charge, would have reasonably foreseen that his words and conduct would cause a premature delivery of the child in question, as requested in their special instruction No. 2.

■ The trial court submitted to the jury correct definitions of "proximate cause" and "ordinary care." The definition of "proximate cause" given is, in words, as follows: " 'Proximate cause' of an injury as used in this charge, is that cause which, in a natural continuous sequence, unbroken by any new or independent cause, produced the injury and without which the injury would not have occurred and from which it ought to have been foreseen or reasonably anticipated by a person in the exercise of ordinary care, that the injury complained of or some similar injury, would result, naturally and probably, in the light of the attendant circumstances."

The trial court also correctly defined "new or independent cause."

■■ What was the proximate cause of the injury was the ultimate fact to be found by the jury. It was never required that the evidentiary facts going to make up the correct definition of the proximate cause should be made an issue before the jury, but only the ultimate fact. This ultimate fact having been found by the jury under a proper definition given them, the defendants' rights were fully protected.

In the case of St. Louis, S. F. & T. Ry. Co. v. Green, 37 S.W.(2d) 123, 125, where the trial court gave a definition of "proximate cause" omitting therefrom foreseeableness or anticipation of the injury, the Commission of Appeals, with the express approval of the Supreme Court, held:

"Plaintiff in error, under the charge as given, has been denied the right to have the jury pass upon the question as to whether the injury suffered by defendant in error was the natural and probable result of the negligence complained of which ought to have been foreseen by the plaintiff in error in the light of attendant circumstances.

"Only in the event the state of the record is such we can say that defendant in error's injury, as a matter of law, was shown to be the proximate result of plaintiff in error's negligence, can the holding made by the Court of Civil Appeals be sustained. Dallas Ry Co. v. Warlick [(Tex. Com. App.) 285 S. W. 302], supra.

"A careful consideration of the record convinces us that the trial court correctly interpreted the evidence as raising the issue of proximate cause, hence it was necessary that a correct definition of such term be given and the Court of Civil Appeals erred in its holding to the contrary."

■ The defendants' third and fourth propositions are based upon the admission of a part of a conversation between a witness for the defendants, a doctor, and the plaintiff, in which the doctor informed the plaintiff that he knew something had happened to his (plaintiff's) wife, because she was all right when he examined her before, on the grounds that same was self-serving and hearsay. The doctor had testified that plaintiff's wife was in bad condition and threatened with a miscarriage and that he had ordered her to bed and also had ordered the gas stove removed from the room. This was admissible for the purpose of impeachment.

We find no merit in the other questions presented and affirm the judgment of the trial court.