**TERRELL WELLS HEALTH RESORT, Inc., v. SEVEREID.**

**No. 1512.**

Court of Civil Appeals of Texas. Eastland.

Feb. 14, 1936.

R. H. Mercer, of San Antonio, for appellant.

Walter Stout, of San Antonio, for appellee.

LESLIE, Chief Justice.

This suit was instituted by H. L. Severeid as next friend for his minor daughter, Jane Marie Severeid, against the Terrell Wells

Health Resort, Inc., appellant herein. The nature of the cause of action alleged is, in substance, that on July 5, 1933, said Jane Marie Severeid in company with two of her neighbor friends, both minors, and the father of one of them, went to the resort of the appellant for the purpose of swimming; that the appellant operated a swimming pool for which it charged an entrance fee. The plaintiff further alleged that she was 11 years of age, and that her companions were approximately the same age; that there was located in one of appellant's swimming pools a device for the purpose of pleasure and amusement, which device was shaped like a child's toy commonly called a "top"; that it was hollow in the center, airtight, flat on top, about 7 feet in diameter, and weighed about 400 pounds, and floated when the pool was full of water; that the top was in the big pool; that plaintiff and her companions played with said top; that at the time there was only about 1 foot of water in the big pool, as it was being filled, and that the top tilted to the side with the rim resting on the bottom of the pool, and that when it rolled to the side the rim passed over her toes crushing them and parts of her foot.

The specific acts of negligence alleged were: (1) That the appellant was negligent in allowing the appellee and her companions to go into the pool; (2) in allowing her to play with the device or top; (3) in allowing appellee and her companions to climb onto the top; (4) that the appellant's place was in an unsafe condition; (5) that the device was in a dangerous condition; (6) that appellant was negligent in not having the pool full of water; (7) that appellant was negligent in not having a lifeguard to warn the appellee to stay away from the device.

The defendant answered by exceptions, general and special, general denial, specially denied the specific acts of negligence, and also alleged that Jane Marie Severeid was guilty of contributory negligence in various respects. Also, that the injury was the result of an unavoidable accident.

In answer to various special issues the jury found that the appellant extended the use of the pool to the appellee, that the pool was not in a reasonably safe condition, all of which was negligence, proximately causing the injuries; that the appellant's employees permitted the appellee to play on the device which was negligence and a proximate cause of the injuries; that the appellant failed to warn the appellee and her com-

panions of the danger in playing with the device, all of which was negligence proximately causing the accident and resulting injuries. $2,400 was found to be the damages resulting to plaintiff by reason of the injuries. From this judgment the appellant Terrell Wells Health Resort, Inc., appeals, and predicates error in the judgment upon numerous assignments.

■ The first proposition is that the trial court in submitting the issue of unavoidable accident erred in placing the burden of proof upon the appellant (defendant below) rather than the plaintiff. The issue was submitted in the following manner: "Do you find from a preponderance of the evidence that the accident resulting in the injuries to said Jane Marie Severeid was an unavoidable accident as that term is above defined?"

The jury answered, "No." The burden of proof on the issue rested upon the plaintiff to prove that the accident was not an unavoidable accident, and it should have been submitted so that burden would have been on the plaintiff to prove the negative of same. This the court failed to do, and such is error under the following authorities: Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Com.App.) 7 S.W.(2d) 521; Texas & P. Ry. Co. v. Edwards (Tex.Com.App.) 36 S.W.(2d) 477–479; Ft. Worth & R. G. Ry. Co. v. Sageser (Tex.Civ.App.) 18 S.W.(2d) 246, 250 (9).

It is appellee's contention that the error in the above respect is harmless, in that there was no basis in the evidence for a submission of an issue of unavoidable accident. In the light of the opinions in Thurman v. Chandler (Tex.Com.App.) 81 S.W.(2d) 489, 491; Texas & P. Ry. Co. v. Edwards (Tex. Com.App.) 36 S.W.(2d) 477, 480; Ramin v. Cosio (Tex.Civ.App.) 85 S.W.(2d) 802; Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.(2d) 944 (2-4), 97 A.L.R. 1513; Gulf C. & S. F. Ry. Co. v. Chappel (Tex.Civ.App.) 201 S.W. 1037, and those cited in the Sageser Case, paragraph 9 thereof, we are doubtful that the testimony in this case called for an issue of unavoidable accident. However, since the case must be reversed upon other grounds, and since the testimony may be different upon another trial, we merely call attention to the above authorities and the error in the manner in which the issue was submitted.

■ By its second proposition complaint is made that the court erred in fail-

ing to submit its specially requested issue No. 11, composed of questions A, B, and C. The first of said issues (A) was in no wise a disputed fact and the court was correct in refusing it. Hartford Fire Ins. Co. v. Clements (Tex.Civ.App.) 34 S.W.(2d) 355 (6); Royalty Indemnity Co. v. Madrigal (Tex.Civ.App.) 14 S.W.(2d) 106; Traders' & General Ins. Co. v. Line (Tex.Civ.App.) 70 S.W.(2d) 787; Citizens' Nat. Bank of Lubbock v. Adams (Tex.Civ.App.) 67 S.W. (2d) 421; Vernon's Ann.Civ.St. art. 2190, note 16. Said issues were grouped and submitted en masse on one sheet of paper. The trial court being justified in refusing the first of them, there was no error in refusing the submission of all the issues thus tendered. Thomason v. King (Tex.Civ.App.) 1 S.W.(2d) 408; Sessums v. Citizens' Nat. Bank (Tex.Civ.App.) 72 S.W.(2d) 403; McBurnett v. Smith & McCallin (Tex.Civ. App.) 286 S.W. 599; Chaison v. Stark (Tex.Civ.App.) 29 S.W.(2d) 500 (20); Medford v. Kimmey (Tex.Civ.App.) 298 S.W. 140; Moore v. Davis (Tex.Civ.App.) 16 S.W.(2d) 380; Clemmons v. McDowell (Tex.Civ.App.) 5 S.W.(2d) 224 (2); Speer on Special Issues, §§ 253 and 254.

■ The court refused specially requested issue No. 12 made of three questions involving contributory negligence upon the part of Jane Marie Severeid. This is the third assignment of error. The first question inquired if she were negligent in entering the east pool where she was injured and in attempting to play with the "devices" therein, when she knew that the pool was almost empty. The second inquired if from a preponderance of the evidence such act was negligence; and the third whether such negligence, if any, was a "direct or a contributing" cause of the injuries.

The appellee, as in the previous proposition, insists that the court did not err in refusing these issues because the first was without any support in the evidence, since it used the word "devices" instead of "device" (the top); there being only one device in the pool where the accident occurred. We regard this contention as hypercritical and too technical to be sustained. However, it is apparent that the issues A and B are substantially the same, and there is no reason why both of them should have been given. Hence, for reasons assigned under the next preceding proposition, the court did not err in rejecting these three questions submitted en masse.

If some such issue as the first is required under the pleadings and the testimony on another trial, certainly the word "devices" should not be used if, as under this record, it clearly appears there was only one device. Needlessly pluralizing the term certainly does not strengthen the appellant's requested issue, nor contribute to the accuracy of the court's submission of the case. There appears to be no dispute in the testimony that the child entered the east pool, attempted to play with the device, in fact did do so, and that she knew the pool was almost empty. These undisputed elements of issue A are the same as "such acts" in issue B.

■ The fourth proposition predicates error upon the failure of the court to propound three other questions to the jury, submitted in appellant's specially requested issue No. 9. The testimony discloses that a Mr. Bone, the father of one of the three girls, accompanied them to the swimming pool, paid his admission, and passed on into one of the pools that was full of water. By these three issues the following questions were asked:

"A. Do you find from a preponderance of the evidence that Mr. Bone failed to keep proper care and compel Jane Marie Severeid to keep out of the east pool and away from the top?

"B. Do you find from a preponderance of the evidence that such failure, if any, was negligence?

"C. Do you find from a preponderance of the evidence that such negligence, if any, was the sole proximate cause of the accident and injuries?"

These issues were requested en masse. They are based upon a failure of the custodian of the child to exercise proper control and care of her. The law refuses to recognize the negligence of a custodian as being imputable to the child, so as to defeat recovery by her; she being otherwise entitled to recover. Houston City Street Ry. Co. v. Reichart, 87 Tex. 539, 29 S.W. 1040, 1041. This was a case in which the father, Reichart, sued for himself and as next friend for his minor son, Charles, to recover damages for personal injuries sustained by the latter. The court, through Judge Gaines, held: "We concur, too, with the court of civil appeals in holding that his negligence should not be imputed to his son." That being the law with reference to a parent, for a much greater reason it should obtain

530

where a mere acquaintance or friend accompanies the child.

In annotations following John J. Gallagher by next friend v. Frederick H. Johnson, 237 Mass. 455, 130 N.E. 174, 15 A.L.R. p. 411, it is stated that the rule adopted in a majority of the jurisdictions is that in an action by, or in behalf of, an infant of tender years for a personal injury, the fault or contributory negligence of its parent or custodian cannot be imputed to the child. Many Texas cases are here cited in support of the rule, to which we add Northern Texas Traction Co. v. Thetford (Tex.Civ.App.): 28 S.W.(2d) 906; Id. (Tex.Com.App.) 44 S.W.(2d) 902; Kelley v. Texas & P. Ry. Co. (Tex.Civ.App.) 149 S.W. 349 (error ref.); Restatement of the Law of Torts, p. 1270, § 488; 30 Tex.Jur. p. 879, § 192. The fourth proposition is overruled.

■ The fifth proposition is that the trial court erred in placing the burden of proof upon the appellant in special issue No. 2 to prove by a preponderance of the evidence that its pool was in a reasonably safe condition over appellant's objection that the burden of proof, under the pleadings and testimony, should be placed upon the appellee to prove that the pool was not in a reasonably safe condition. The issue reads: "Do you find from a preponderance of the evidence that the pool inquired about in question No. 1 was in a reasonably safe condition for use by said Jane Marie Severeid on the occasion of her injuries?"

The pleadings disclose that the appellee affirmatively alleged that the pool was in an unsafe condition for her use on the occasion of the injuries. The appellant did not allege the condition of its own pool as being safe or unsafe. It entered a general denial. The burden of proving by a preponderance of the evidence that the pool was in an unsafe condition was upon the appellee and the manner in which the issue was submitted misplaced in effect the burden of proof. We think the error was harmless, however, for two reasons:

(1) The evidence is undisputed that the pool was in an unsafe condition. Seth Goodwin, a lifeguard and in charge of the premises for appellant at the time of the injuries, testified that the reason he told the children to stay away from the top was because "it was dangerous for anyone to play around like that in an empty pool with any of the equipment there." When asked to state in what way it was dangerous, he said:

"Well, he might get hurt in more ways than one.

"Q. You mean get their foot under the thing? A. That happened, yes sir."

(2) In other respects, independent of those under consideration, the appellant was found guilty of negligence proximately causing the plaintiff's injuries and those findings would furnish a sufficient basis for the judgment, rendering the error under consideration harmless. However, the judgment must be reversed on other grounds, as above noted.

The sixth proposition presenting the contention that issue No. 16 is multifarious and duplicitous is without merit.

■ The seventh and eighth propositions will be considered together. The seventh is, in substance, that the court erred in defining "proximate cause" over the appellant's objections, that the definition omitted the element of reasonable foreseeableness and anticipation and the test of a reasonably prudent person or person of ordinary prudence. The eighth is that the court gave two definitions of the term "proximate cause" over the appellant's objection, that the first was insufficient for the above reasons, and the jury was warranted in considering the first or erroneous definition (assailed by proposition 7) without reference to the second. The appellant seems to concede that the last definition in which the court undertook to set forth the "meaning" of proximate cause is substantially correct, embracing the elements which it contends were omitted from the first. The intervening paragraph was devoted to the definition of the terms "sequence" and "unbroken by any new and independent cause." The particular complaint is that the two definitions of proximate cause are contradictory and prejudicial to the rights of the appellant since the jury was bound to have been misled and confused as to which definition they should be guided by in passing upon the issues presented.

After much consideration this court feels impelled to the conclusion that it was erroneous as a matter of law and confusing to the jury to give two such definitions of proximate cause, one of which fairly contained the elements of the term and the other omitting essential elements. The two definitions or "meanings" of proximate cause were conflicting and inconsistent. A definition similar to the one first given was condemned in Wichita Falls Traction Co. v. McAbee (Tex.Civ.App.) 21 S.W.(2d) 97.

■ The ninth and tenth propositions based substantially upon the same statement from the record will be considered together. The ninth is that the court erred in defining the term contributory negligence when such term is nowhere used in the submission of the issues. The tenth is, in substance, that the term contributory negligence having been defined as the "want of ordinary care and prudence," it was error to follow such definition with an instruction or charge to the jury as a part of the law of contributory negligence that the said Jane Marie Severeid would be required to exercise "only such degree of care as would ordinarily be exercised under the same or similar circumstances by a person possessing the degree of intelligence and prudence as was possessed by the said Jane Marie Severeid."

In the court's submission of the case, contributory negligence was defined as follows: "By the use of the term 'contributory negligence' is meant such act or omission, if any, on the part of Jane Marie Severeid amounting to the want of ordinary care and prudence and which cooperating or concurring with some negligent act or omission, if any, on the part of the defendant or its agents, servants, or employees, was the direct and proximate cause or occasion of the injuries, if any, sustained by the said Jane Marie Severeid."

Immediately following this definition the court charged the jury as follows: "You are also instructed in connection with the law of contributory negligence that said Jane Marie Severeid would be required to exercise only such degree of care as would ordinarily be exercised under the same or similar circumstances by a person possessing the degree of intelligence and prudence as was possessed by the said Jane Marie Severeid."

Just preceding the giving of the above definition and charge, the court defined "negligence" and "ordinary care" as follows: "You are instructed that by the use of the word 'negligence' is meant a failure to exercise ordinary care; and by the term 'ordinary care' is meant such care as a person of ordinary prudence would have exercised under the same or similar circumstances."

Article 2189, R.S.1925, in part, provides as follows: "In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

The appellant's first objection to the definition of contributory negligence is that the term is nowhere used in the charge. The expression was not so used. The definition was not in aid of any legal term in any issue submitted. It was given in disregard of the above statute. It was error for the court to give it and presumably it was prejudicial to the appellant. Bell v. Blackwell, (Tex.Com.App.) 283 S.W. 765. From the viewpoint of the appellee the record reflects nothing rendering it harmless.

There is some basis for the appellant's further objection to the effect that the definition and the charge were conflicting and confusing to the jury. The definition sets up the general standard of "ordinary care and prudence," whereas the charge sets up the standard of "such degree of care as would ordinarily be exercised under the same or similar circumstances by a person possessing the degree of intelligence or prudence possessed by Jane Marie Severeid."

■ By the eleventh proposition the appellant complains that the court in giving that part of the charge in connection with and immediately following the definition of contributory negligence gave a general charge in a cause being submitted to the jury on special issues.

The defendant had alleged that the plaintiff was guilty of negligence on various grounds. Evidently the issue of plaintiff's contributory negligence entered into the case in different ways. The trial court recognizing this situation seems to have undertaken to present such issue or issues (Jane Marie Severeid's negligence) to the jury for consideration by way of the above charge in connection with said definition. It is clearly a general charge on the law of the case. It was timely objected to by the appellant and should not have been given. At this late date it is difficult to understand why a general charge on the law should be injected into the submission of any case made upon special issues. It was neither an explanation nor a definition of a legal term required to be given under the statute. Such charges are uniformly condemned by the appellate courts of this state. Radford Grocery Co. v. Andrews (Tex.Com.App.) 15 S.W.(2d) 218; James A. Dick Co. v. Yanez (Tex.Civ.App.) 55 S.W.(2d) 600; Orange & N. W. Ry. Co. v. Harris (Tex. Civ.App.) 57 S.W.(2d) 931; Texas Cities

**532**

Gas Co. v. Weller (Tex.Civ.App.) 75 S.W. (2d) 159; Lewis v. Halbert (Tex.Civ.App.) 67 S.W.(2d) 430. See note 3, art. 2189, Vernon's Ann.Civ.St. for many late authorities.

What has been said requires the reversal of this case, but in view of another trial the following observations are made in response to the twelfth and remaining points.

The appellant contends by the twelfth proposition that since the plaintiff Jane Marie Severeid was only 11 years of age at the time of her injuries and the evidence failed to show want of ordinary prudence and discretion, it was error for the court to instruct the jury in effect that she was only required to exercise such degree of care as would ordinarily be exercised under the same or similar circumstances by a person possessing the degree of intelligence and prudence as was possessed by her.

Certainly the law imposes the duty upon minors to give such attention to surroundings and care to avoid danger as may fairly or reasonably be expected from persons of their age and capacity, and it is generally a question for the jury to determine under all the facts and circumstances whether a child exercised such care and discretion as might reasonably be expected of one of his age, capacity, and experience, situated as he was.

In this case the plaintiff alleged affirmatively that Jane Marie Severeid was a child of tender years, 11 years old at the time of the injuries, and was not possessed of the capacity and discretion of an adult; that she was not possessed of capacity and discretion to appreciate the dangers of the situation.

By this it appears that the pleader designed to have the nature of Jane Marie Severeid's acts in the premises determined by the standard that a child of tender years is not required to conform to the standard of behavior which it is reasonable to expect of an adult, but by the standard of behavior to be expected from a child of like age, intelligence, and experience under the surrounding circumstances. Passing on such a case, our Supreme Court said in Northern Texas Traction Company v. Thetford, 44 S.W.(2d) 902, 904: "In determining whether negligence is chargeable against a child who has passed beyond the age of irresponsibility, an inquiry as to the extent of his capacity to appreciate the dangers of the situation is of prime importance. The law

requires that he exercise such degree of care as a person of his capacity would ordinarily exercise, under like circumstances. The matter of age, though germane to the question of capacity, is not necessarily of controlling force."

In harmony with this is a somewhat fuller statement of the rule in Manlove v. La-velle (Tex.Civ.App.) 235 S.W. 324, 326, wherein it is said: "While it is true that the degree of care imposed upon a child of tender years in determining its negligence in a given case is only such care as an ordinarily prudent person of like age, experience, and intelligence would exercise under the same or similar circumstances, yet it is equally true that, unless the evidence in a given case shows or tends to show the child to be so wanting in age, experience, or ordinary mental faculties as to impair its discretion, it is presumed to know and appreciate, as fully as an adult, the dangers and probable consequences of its acts. The question is one of fact, and the burden of proving those disabilities of the child is upon the plaintiff in an action to recover for injuries sustained by it; and, when there is no affirmative evidence of such disabilities, it seems to be universally held that it is reversible error for the court to submit the issue to the jury." Citing St. Louis S. W. Ry. Co. v. Shiflet, 94 Tex. 131, 58 S.W. 945, 947, and many other authorities.

In the Shiflet Case, our Supreme Court in considering the effect of contributory negligence on the part of a child between 11 and 12 years of age, the age of the child involved in the instant case, said: "The evidence showed that Thomas Shiflet was between 11 and 12 years old,—most probably, within 2 months of the latter age. This does not bring him within the age at which courts have held a child to be exempt, as a matter of law, from the charge of contributory negligence; neither does it place him at such age as the court will, as a matter of law, hold that he was responsible for his acts. It was question of fact for the jury, to be determined upon the evidence adduced before them. If there was no evidence upon the subject, the issue should not have been submitted, or, having been submitted, the jury ought to have found for the defendant, because it devolved upon the plaintiff to show that, for want of discretion, the negligent act of the deceased was not imputable to him."

To the above authorities may be added Evansich v. Gulf C. & S. F. Ry. Co., 57 Tex.

126, 44 Am.Rep. 586; Texas & P. Ry. Co. v. Phillips, 91 Tex. 278, 42 S.W. 852; Dr. Pepper Bottling Co. v. Rainboldt (Tex.Civ. App.) 66 S.W.(2d) 496; Houston & T. C. Ry. Co. v. Bulger, 35 Tex.Civ.App. 478, 80 S.W. 557-560; Cook v. Houston Direct Nav. Co., 76 Tex. 353, 13 S.W. 475, 18 Am. St.Rep. 52; Missouri, K. & T. Ry. Co. v. Rodgers, 89 Tex. 675, 36 S.W. 243; Yellow Cab & Baggage Co. v. Smith (Tex.Civ. App.) 30 S.W.(2d) 697; City of Menard v. Coats (Tex.Civ.App.) 60 S.W.(2d) 831, 833; Jagoe Const. Co. v. Harrison (Tex. Civ.App.) 17 S.W.(2d) 861; 30 Tex.Jur., p. 882, § 194 et seq.; 45 C.J. p. 599, § 553; 45 C.J. p. 1003, § 554; id. p. 1311, § 568; Street on Personal Injuries in Texas, p. 626, § 362.

Under the foregoing authorities it is obvious that if there was testimony supporting the allegations of indiscretion, etc., on the part of Jane Marie Severeid, she, as plaintiff, presented an issue, the burden of establishing which rested upon her. Such issue, if raised, might have been passed to the jury by correct special issue accompanied by proper "explanations and definitions of legal terms," if any such terms were contained in the issue. On the other hand, it is well to remember that no such definitions or explanations are necessary when the court has submitted issues which merely require the jury to make findings as to the existence of facts upon which the court may base a conclusion as to whether there was "contributory negligence" as a matter of law. Timms v. Echols (Tex.Civ.App.) 50 S.W.(2d) 454, 456; 30 Tex.Jur. p. 774. The latter is perhaps the simpler method of submission, and in like manner it may be inquired of the jury whether the act or omission found, either alone or concurring with the negligence, if any, of the defendant was the proximate cause of the injury, if any. The procedure is, of course, applicable to any ground of defense based upon contributory negligence.

Whatever the manner of the submission of the issues, the procedure should be in the light of the authorities above and with due regard to the pleadings and the testimony, if any, raising the issues. It is unnecessary to consider further appellant's thirteenth, fourteenth, and fifteenth propositions. For the reasons assigned and the errors pointed out, the judgment of the trial court is reversed, and the cause remanded.